McDONALD, Justice,
dissenting.
I disagree that section 390.001(4)(a), Florida Statutes (Supp.1988), is unconstitutional.[1] On the other hand, there is much in the majority opinion with which I agree. I *1205 disagree with the majority not because I differ from its legal or philosophical conclusion on an adult woman’s right of privacy and her right to make a personalized and unimpeded decision on whether to terminate a pregnancy. I have no problem in embracing the rationale of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), particularly when this state has adopted a constitutional right of privacy. I agree with the majority’s discussion of this as it relates to adults. In short, if this case were on the subject of a legislative intrusion on an adult woman’s right to have an abortion, I would concur.[2]
My principal disagreement lies in my conclusion that, absent an enabling statute, a minor does not have the capacity to consent to an abortion. This is because of the common law and long-recognized disability of minors because of nonage. A minor lacks the capacity to contract. When she consents to an abortion she contracts with another person to perform a surgical procedure on her. Absent parental or statutory authorization, she cannot do this. A minor’s incapacity was recognized by the legislature when it enacted section 743.065, Florida Statutes (1987), authorizing the power to consent for certain medical procedures.[3] The legislature chose to exclude its grant of consent power to abortion medical procedures. It did the same in section 743.066, Florida Statutes (1989). Even if we question the wisdom of the legislature, the judiciary does not have the power to extend the capacity to consent by a minor beyond that granted by the legislature.[4] I do not look upon § 390.001(4)(a) as an invasion of privacy, but rather a method of providing a vehicle to fulfill a pregnant minor’s desire to terminate a pregnancy. Viewed in that light, the statute is constitutional.
I do not believe any procedural deficiencies in the statute make it unconstitutional. Procedure is the responsibility of this Court. We have provided a procedural rule to accompany the statute. If additional procedural safeguards are indicated, we can provide those. The statute need not die on this basis.
Some judges may not like to make the ultimate decision to grant or deny a consent for an abortion when he or she finds that a minor is so immature she cannot competently do so herself. It may be a hard decision, but dislike and hardship do not translate into unconstitutionality. It is the duty of judges to make hard decisions. That is one reason we have them.
In conclusion, I find the statute both permissive and constitutional.- I do not believe it trespasses upon a minor’s right of privacy. For many purposes, minors are treated differently. It does not offend me in the slightest that their ability to consent to an abortion is different from adults and is an issue appropriately left with the legislature.

. In addition to my comments, I approve and endorse the views and rationale of Justices Overton and Grimes on the constitutionality of this statute.

.I neither concur nor reject the majority opinion’s definition of the viability of a fetus. This discussion is not relevant in determining whether section 390.001(4)(a)(l), Fla.Stat. (Supp. 1988), is constitutional. The conclusions announced by the majority are not predicated on ' any facts in this case and should not be addressed.

. The disability of nonage is also recognized in art. III, § 11(a)(17), Fla. Const.

. It appears to me that any person performing an abortion on a minor without a statutorily authorized or parental consent is guilty of committing a battery and is subject to both civil and criminal penalties.